**Rouse v. Northwest Tenants Organization**

Alan D. Silverman, for plaintiff.
Stanley J. Shapiro, for defendant.

EISEMAN, J., August 1, 1974.—This matter comes before the court on defendant Northwest Tenant Organization's preliminary objections to plaintiff Martha Rouse's complaint. The petitioner contends that the complaint fails to set forth facts upon which relief may be granted, since plaintiff (a) did not allege compliance with the Pennsylvania Rent Withholding Law, (b) did not exhaust her administrative remedies, and (c) did not join an indispensable party.

## FACTS

Plaintiff, respondent herein, owner of property at 28 East Collom Street, Philadelphia, on June 8, 1971, leased the premises to Haywood and Julia Garnett. In September 1971, it was discovered that this property had earlier been declared unfit for human habitation by the Department of Licenses and Inspections.

As a result of this information, defendant, petitioner herein, entered into a rent escrow agreement with the Garnetts. Under this agreement, petitioner collected rents of $100 per month for a six-month period from

September 1, 1971, to February 29, 1972. Plaintiff alleges that during this period she, by her agents, servants and/or employes, made numerous attempts to enter the premises during September 1971 to March 1972 but was denied access by the tenants. Upon learning this, petitioner sent the escrow rent in the amount of $600 back to the tenants. On January 22, 1974, respondent filed a complaint in assumpsit demanding total back rents in the amount of $900,[1] to which petitioner filed these preliminary objections.

The first point made was that plaintiff had failed to allege compliance with the Pennsylvania Rent Withholding Act of January 24, 1966, P. L. (1965) 1534, 35 PS §1700-1, so she would not be entitled to recovery of the funds escrowed. The point is made that escrow agents, neither under the common law nor the relevant statute herein, have discretion to pay any moneys over to parties pursuant to unilateral actions but may do so only under the act after the property in question has been certified fit for human habitation. In reply, respondent asserts that she need only set forth sufficient facts to constitute a cause of action without alleging compliance with any statute.

The next point raised in petitioner's preliminary objections is that plaintiff did not exhaust her remedies against the Department of Licenses and Inspections regarding the unfit status of the property in question. In this regard, petitioner makes the point that the instant cause of action cannot be maintained, since the unfitness certification on the property was never challenged before the Licenses and Inspections

---

[1] Plaintiff sought the six months' rent as $100 per month for September 1, 1971, to February 29, 1972, that had been collected by petitioner as well as three months' rent for March 1, 1972, to May 31, 1972, that had never been collected. The tenants abandoned the premises on May 20, 1972.

Board of Review, as provided in the Philadelphia Code, §7-504. In reply, respondent maintains that it is not necessary for plaintiff to allege any exhaustion of administrative remedy since plaintiff has none against the defendant-petitioner herein. The further point is made by respondent that the fact that there is an administrative remedy available against the Department of Licenses and Inspections is of no import here, since this department is not the offending party.

Moreover, respondent alleges efforts to enter premises for necessary repairs, but was denied access by tenants. Certainly, tenants cannot complain if they prevented respondent from making necessary repairs.

Finally, petitioner makes the point that since plaintiff has failed to join the tenants who received the moneys in question, plaintiff's complaint should be dismissed with leave to file an amended complaint naming the tenants of the property in question as parties defendant. In reply, respondent makes the point that the tenants are not indispensable parties, since the cause of action is against a holder of a fund who, after receiving proper notice, improperly disbursed this fund. Respondent makes the point that the instant action is against the holder of the funds, not the tenants. However, it should be noted that respondent is claiming funds in excess of that deposited with petitioner herein.

## DISCUSSION

### A. Demurrer

With regard to petitioner's first point, the court does not question that the Pennsylvania Rent Withholding Act, 35 PS §1700-1, would prevent the return of any escrow funds to a landlord by such unilateral

actions as letters or telephone calls. Indeed, the statutory language is clear that the funds paid into escrow may be paid out only to the landlord after certain duties of the landlord have been discharged. However, to focus on this statute exclusively and to say that plaintiff's complaint must be dismissed since there was no allegation of compliance with this statute is to ignore fundamental principles inherent as well as explicitly stated in Pennsylvania Rule of Civil Procedure 1019. It is the opinion of the court that a plaintiff is under no procedural obligation to state in a complaint whether or not there has been compliance with a statute. A plaintiff need only state in a concise and summary form the material facts on which the cause of action is based.[2] An affirmative defense such as failure to comply with a statute should be raised by a defendant in an answer to a complaint under "new matter,"[3] since this is a waivable defense. Accordingly, this portion of petitioner's preliminary objection should be dismissed.

Petitioner's second point under the demurrer section of the preliminary objections is that plaintiff's complaint should be dismissed, since there was not an exhaustion of administrative remedies against the Department of Licenses and Inspections. It is the opinion of the court that this contention is without merit, since the Department of Licenses and Inspections is not a party to this proceeding and is in no way involved in this dispute. If the situation were such that the Department of Licenses and Inspections were a party to this lawsuit and their actions were a direct cause of controversy and dispute, then it is possible that there would be a question as to the exhaustion of

---

[2] Pennsylvania Rule of Civil Procedure 1019(a).

[3] Pennsylvania Rule of Civil Procedure 1030.

the administrative remedies.[4] However, this case is merely an assumpsit action by a landlord against a fundholder who allegedly improperly returned certain funds. Surely, the mere fact that the Department of Licenses and Inspections was the original cause of the rental moneys being placed into escrow does not mean that plaintiff must exhaust administrative remedies against them. Indeed, the Department of Licenses and Inspection was not the direct cause of plaintiff's harm. Accordingly, this portion of petitioner's preliminary objections must also be dismissed.

## B. Failure to Join an Indispensable Party

Petitioner's final point is that since plaintiff failed to join the actual tenants who have received the funds in question, she has failed to join an indispensable party and, therefore, under Pennsylvania Rule of Civil Procedure 1032(2), the court must dismiss the action. The further point is made that since these tenants' rights will be fully litigated in this matter and no action could be taken without impairing their rights, the complaint should be dismissed with leave to file an amended complaint naming the tenants as parties defendant.

Pennsylvania Rule of Civil Procedure 1032(2) provides that, in any situation in which it appears that there has been a failure to join an indispensable party, the court shall dismiss the action. It is basic under our law that a party is considered to be indispensable when no action can be taken without impairing his rights. In the instant case, it is clear that the tenants' rights and liabilities in connection with

---

[4] The court takes no position on the question of whether or not the issue of exhaustion of administrative remedies should be raised on preliminary objections or under new matter.

430

the events which are the subject of this proceeding will be affected. In short, the tenants' rights would be affected by the litigation of this issue so that they are indispensable parties. Accordingly, petitioner's preliminary objection on this point must be sustained. Accordingly.

## ORDER

It is hereby ordered and decreed that defendants' preliminary objections be and are hereby denied in part and granted in part as follows:

(1) Demurrer is overruled.

(2) Failure to join indispensable party is sustained.

Accordingly, plaintiff is granted 30 days from date of this order to file an amended complaint joining tenants to this cause of action.

Upon failure to comply with the order of this court as set forth in paragraph (2) above, the cause of action is dismissed.